IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110730-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 23, 2012) |
| Ted Gerald Finchum, | ) | |
| | ) | 2012 UT App 331 |
| Defendant and Appellant. | ) | |

-----

First District, Logan Department, 101101373
The Honorable Clint S. Judkins

Attorneys:     David M. Perry, Logan, for Appellant
                    Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1     Ted Gerald Finchum appeals his sentences after pleading guilty to two counts of aggravated sexual abuse of a child. Finchum argues that the district court abused its discretion in sentencing him to fifteen years to life in the Utah State Prison.

¶2     We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors, or if the sentence imposed is clearly excessive." *Id.* (citation and quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (citation and quotation marks omitted). Finally, a "defendant is not entitled to probation, but rather the court is empowered to place the

defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991).

¶3     Finchum argues that the district court abused its discretion in sentencing him to fifteen years to life in prison because the district court failed to consider all relevant factors. Utah Code section 76-5-404.1(6) states that when a court imposes a sentence for aggravated sexual abuse of a child, the court may impose a lesser sentence than the presumptive fifteen years to life mandated by the provision if the court finds that such a lesser sentence "is in the interests of justice and states the reasons for this finding on the record." Utah Code Ann. § 76-5-404.1(6) (LexisNexis Supp. 2012). Finchum asserts that there were sufficient mitigating circumstances existing in this case that warranted a lesser sentence. Specifically, Finchum points out that (1) he had no prior history of such offenses, (2) he turned himself in and was cooperative with law enforcement, (3) he was remorseful, (4) he continues to have strong supportive familial relationships, and (5) he is a low risk for recidivism and is a good candidate for treatment. Finchum also points out that the presentence investigation report (PSI) recommended a lesser sentence of only ten years to life in prison. He argues that if the district court had appropriately considered these factors it would have imposed a lesser penalty.

¶4     Contrary to Finchum's assertion, the record demonstrates that the district court did consider all relevant circumstances prior to imposing a sentence. During the sentencing hearing, Finchum addressed the court and expressed regret for his actions. Finchum's counsel also highlighted several of these mitigating circumstances in his argument to the court during sentencing. Further, the record contains both the results of Finchum's psychosexual evaluation and the PSI report. Prior to sentencing Finchum, the district court stated that it had "carefully considered the facts and circumstances of this case and [could not] find that a lesser term . . . would be in the interests of justice." Because all of the mitigating information Finchum believes the district court should have considered in its sentencing decision was set forth in the PSI, the psychosexual evaluation, or was discussed during the sentencing hearing, we presume that the district court considered the information prior to sentencing. *See State v. Moa*, 2012 UT 28, ¶ 35, 274 P.3d 906 (stating that as a general rule, Utah courts "presume that the district court made all the necessary considerations when making a sentencing decision"); *State v. Helms*, 2002 UT 12, ¶ 13, 40 P.3d 440 (stating that if a factor was discussed in materials presented to the court or discussed at the sentencing hearing, it is

presumed that the court considered the factor). Accordingly, Finchum fails to demonstrate that the district court did not examine all relevant factors.

¶5    Furthermore, the record demonstrates that there was sufficient evidence to support the district court's sentencing decision. Finchum had a special position of trust with the victims, and he had sexually abused both of the victims multiple times over several years, i.e., there was not one isolated incident. The district court also found that both of the victims showed signs of psychological trauma associated with that abuse. Based upon the evidence presented, we cannot say that no reasonable person "would take the view adopted by the trial court." *See Valdovinos*, 2003 UT App 432, ¶ 14. Accordingly, the district court did not abuse its discretion in sentencing Finchum.

¶6    Affirmed.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge